Dear Senator Guillory:
Your opinion request has been forwarded to me for research and reply. You have requested a reconsideration of Opinion 07-0050 concerning whether ten and eleven month employees of St. Landry Parish School Board ("School Board") could receive retroactive pay. You have requested a reconsideration of Opinion 07-0050 to address the following:
(1) Whether the affected employees are entitled to be paid retroactive salary because they each worked under employment contracts that required the St. Landry Parish School Board to pay their annual salary in accordance with the School Board's current salary schedule; and
(2) Whether the School Board would be prohibited from paying retroactive salary to the affected employees if the amount of their salary was calculated in error based on an outdated salary schedule.
You have specifically asked whether these employees are entitled to be paid retroactive salary because each worked under employment contracts that required the School Board to pay the employees' annual salary in accordance with the School Board's current salary schedule.
According to the information provided to our office by the School Board, during the past several years, the School Board had made certain modifications to the salary schedules; however, the School Board had not specifically addressed the method of payment for the ten and eleven month employees. The 1991-1992 salary schedule *Page 2 
had always been used for the tenth and eleventh months of employment because that was the last salary schedule to specifically address those employees. However, at the January 11, 2007 meeting, the Superintendent recommended that ten and eleven month employees be placed on the present salary schedule effective July 1, 2007. This recommendation was approved by the School Board.
Only the School Board has the authority to determine the salary for ten and eleven month employees and the last change authorized by the School Board was for the 1991-1992 salary schedule. La.R.S. 17:81 (A) provides in pertinent part: "[e]ach city and parish school board shall determine the number of schools to be opened, the location of school houses, the number of teachers to be employed and [. . .] the board shall have the authority to employ teachers by the month or by the year, and to fix their salaries." Thus, the 1991-1992 schedule, which was the last School Board approved pay scale, was required to be used to determine the appropriate pay for the ten and eleven month employees, until the School Board, pursuant to all applicable laws governing the procedures for formal action by the School Board, adopted a revised schedule for ten and eleven month employees.
Each of these specific employees had a contract which provided the following: "[t]he above named teacher, being qualified under the rules and regulations of the Louisiana Board of Elementary and Secondary Education is hereby appointed to the position shown and at the annual salary rate in accordance with the St. Landry Parish School Board's current salary schedule." However, under these specific circumstances, the current salary schedule for these employees provided that these employees be paid on the 1991-1992 salary schedule for the tenth and eleventh months of employment. Thus, the employees were paid based on the current salary schedule applicable to them.
The School Board did not take action to increase the amount of pay after the creation of the 1991-1992 salary schedule until the School Board meeting in January 2007. Thus, even if the School Board was aware of the discrepancy in the salary schedule, the 1991-1992 pay schedule remained valid until the School Board acted to change the salary schedule. Moreover, the employees were paid based on the current salary schedule applicable to them. Hence, the employees are not entitled to retroactive salary payments.
Your second question asked whether the School Board would be prohibited from paying retroactive salary to the affected employees if the amount of their salary was calculated in error based on an outdated salary schedule. It is our opinion that the School Board may not retroactively pay the ten and eleven month employees as such payment would violate La.Const. art. VII, § 14.
We find this issue to be controlled by the provisions of Article VII, § 14 of the Louisiana Constitution of 1974 which provides in pertinent part: "[e]xcept as otherwise provided by this constitution, the funds, credits, property or things of value *Page 3 
of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation." In Board of Directors of the Industrial DevelopmentBoard of the City of Gonzales v. All Taxpayers, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11 (Cabela), the Louisiana Supreme Court established a new standard to determine compliance with La.Const. art. VII, § 14. The Court ruled that Art. VII, § 14(A) is violated when public funds or property are gratuitously alienated.
All questions concerning the use of public funds must be examined in light of La.Const. art. VII, § 14, which provides, in pertinent part, as follows:
"Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
In Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al.,938 So.2d 11, 2005-2298 (La. 9/6/06) (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City ofPort Allen. v. Louisiana Mun. Risk Mgmt. Agency, Inc.,439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's,938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's
standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
Under the Cabela's standard, the School Board would not be allowed to retroactively pay the affected teachers. In light ofCabela, for the expenditure of public funds to be permissible, several factors must be met including that the transfer, taken as a whole, does not appear to be gratuitous and the public entity has a reasonable expectation of receiving at least equivalent value in exchange for the transfer or expenditure of funds. Unlike inCabela, the payment here appears to be purely gratuitous in that there is no public benefit or public purpose behind the payment; and again, unlike in Cabela, the payments would not impose mutual obligations on the recipient of the payment (i.e. the employees). *Page 4 
Therefore, the School Board would be prohibited from paying retroactive salary to the affected employees because, as discussed above, their salaries were not calculated in error. Furthermore, it would be a violation of La.Const. art. VII, § 14 to pay retroactive salary to these affected employees. It is our opinion that absent formal school board actions declaring it's intention to make future compensation conditional upon specific funding, the School Board may not retroactively pay the ten and eleven month employees as such payment would be a violation of La.Const. art. VII, § 14.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
With Best Regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ DENISE BROU FITZGERALD Assistant Attorney General
JDC:DBF